# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Christian Kyle Vidal,

    Petitioner

v.

Immigration Customs Enforcement,

    Defendant

Case No.: 2:21-cv-00012-JAD-DJA

**Order to Show Cause Why Case Should Not Be Dismissed for Failure to Exhaust Administrative Remedies**

[ECF No. 1-1]

    Christian Kyle Vidal has submitted a pro se 28 U.S.C. § 2241 petition for a writ of habeas corpus, challenging his continued detention by U.S. Immigration and Customs Enforcement (ICE) pending enforcement of his final removal order.[1] I grant his application to proceed in forma pauperis and conduct an initial review of his petition.[2] Because it appears that Vidal did not exhaust the established administrative process before filing this action, I order him to show cause in writing by March 12, 2021, why this petition should not be dismissed without prejudice for failure to exhaust his administrative remedies.

**Discussion**

    Vidal includes with his petition the ICE Decision to Continue Detention, dated October 30, 2020.[3] That decision reflects that he is a citizen of the Philippines who last entered the United States on November 22, 2008, as a lawful permanent resident. Vidal was convicted of battery, burglary, larceny, and obstructing police, and on March 12, 2020, an Immigration Judge (IJ) issued an order of removal, which became final on that date.[4]

---

[1] ECF No. 1-1.
[2] ECF No. 1.
[3] ECF No. 1-1 at 13.
[4] *Id*.

Generally, the Attorney General is required to remove a noncitizen within 90 days, known as the "removal period."[5] Vidal alleges that respondents have detained him beyond the 90-day removal period and for more than 180 days after the entry of the final order of removal.[6] He is, therefore, currently detained under 8 U.S.C. §1231(a)(6), which provides that certain categories of aliens who have been ordered removed (including criminal aliens and any alien who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal) "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." The recent ICE decision in Vidal's case states that there is a significant likelihood that his removal will occur "in the reasonably foreseeable future," so he must remain in ICE custody.[7]

The Immigration and Nationality Act (INA),[8] provides a "complex statutory framework of detention authority" codified at 8 U.S.C. §§ 1226 and 1231.[9] Where a non-citizen falls within the statutory scheme "can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."[10] In general, § 1226(a) governs detention during the pendency of a non-citizen's removal proceedings, and § 1231(a)(6) governs detention following a final removal order. Based on Vidal's allegations, it appears that he is detained under § 1231(a)(6).

---

[5] 8 U.S.C. §1231(a)(1)(A).
[6] ECF No. 1-1.
[7] *Id*. at 13.
[8] 8 U.S.C. § 1101 *et seq*.
[9] *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).
[10] *Id*.

The Ninth Circuit held in *Casas-Castrillon v. DHS* that that the government may not detain a non-citizen "for a prolonged period without providing him a neutral forum in which to contest the necessity of his continued detention."[11]  In such a proceeding, the government bears the burden of establishing that continued detention is warranted by clear and convincing evidence.[12]  The Ninth Circuit extended *Casas-Castrillon* to detainees with final removal orders in *Diouf v. Napolitano* (*Diouf II*),[13] holding that prolonged detention under § 1231(a)(6) is prohibited without an individualized hearing to determine whether the person is a flight risk or a danger to the community.  Because prolonged detention without a hearing presents serious due-process concerns, and the statute did not plainly authorize such detention, the court construed § 1231(a)(6) to require a custody hearing before an immigration judge if detention has lasted six months.[14]  The Ninth Circuit recently reaffirmed that, under § 1231(a)(6), the government must show by clear and convincing evidence that detention is necessary to prevent flight and danger.[15]

---

[11] *Casas-Castrillon v. DHS*, 535 F.3d 942, 949 (9th Cir. 2008).

[12] *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011).

[13] *Diouf v. Napolitano* (*Diouf II*), 634 F.3d 1081 (9th Cir. 2011).

[14] *Diouf II*, 634 F.3d at 1086.  Immigration regulations indicate that an IJ loses jurisdiction to redetermine bond when an order of removal becomes administratively final.  *See* 8 C.F.R. § 1236.1(d).  However, the Ninth Circuit confirmed in *Diouf II* that immigration judges have jurisdiction to conduct bond hearings when a § 1231(a)(6) detainee has been detained for over six months.  *Diouf II*, 634 F.3d at 1091 ("The regulations do not afford adequate procedural safeguards because they do not provide for an in-person hearing, they place the burden on the alien rather than the government and they do not provide for a decision by a neutral arbiter such as an immigration judge.") (citing *Casas-Castrillon*, 535 F.3d at 951–52); *see also Zadvydas v. Davis*, 533 U.S. 678, 692 (2001) (holding that indefinite detention under § 1231(a)(6) raised serious constitutional concerns, in part because "the sole procedural protections available to the alien are found in administrative proceedings, where the alien bears the burden of proving he is not dangerous").

[15] *Flores Tejada v. Godfrey*, 954 F.3d 1245, 1249 (9th Cir. 2020).  In *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), the U.S. Supreme Court did not abrogate the Ninth Circuit's ruling in *Diouf II*. *See Aleman Gonzalez v. Barr*, 955 F.3d 762, 766 (9th Cir. 2020) (holding that *Diouf II* was not clearly irreconcilable" with *Jennings*, thus, *Diouf II* remains binding precedent); *Ramos v. Sessions* ("*Ramos II*"), 293 F. Supp. 3d 1021, 1026–27 (N.D. Cal. 2018) ("*Jennings* . . . left

If noncitizens who are held in custody under 8 U.S.C. §§ 1226(a) or 1231(a)(6)—the provision at issue in this case—are dissatisfied with an IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] (BIA)."[16] If they remain dissatisfied, they may file a petition for habeas corpus in the district court. These are mandatory administrative remedies that must be exhausted before a court like this one can review the IJ's decision.[17]

In his petition, Vidal simply states, with no details, that he exhausted administrative remedies. But it does not appear that he has sought relief before an IJ, and then, if necessary, the BIA. So this action likely must be dismissed because Vidal skipped those required steps. But out of an abundance of caution, instead of dismissing this action outright, I will instead allow

---

untouched the Ninth Circuit's requirement of such hearings for immigrants detained under section 1231(a)(6)"). The question of whether § 1231(a)(6) can be construed to require a custody hearing over prolonged detention was not before the Court in *Jennings*. And, citing its prior decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the *Jennings* court underscored that, in contrast to the other general immigration-detention statutes, § 1231(a)(6) may be construed to limit prolonged detention, just as the Ninth Circuit did in *Diouf II*. *Jennings*, 138 S. Ct. at 843–44. Thus, individuals subject to prolonged detention under § 1231(a)(6) in the Ninth Circuit should continue to receive custody hearings.

[16] *Prieto–Romero*, 534 F.3d at 1059.

[17] *See, e.g., Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (petitioner "pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision"); *Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (issue exhaustion is a jurisdictional requirement); *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented in the petitioner's administrative proceedings before the BIA). Moreover, "a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process." *Vargas v. INS*, 831 F.2d 906, 908 (9th Cir. 1987); *see also Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (declining to address a due-process argument that was not raised below because it could have been addressed by the agency).

4

Vidal an opportunity to show cause and demonstrate any proof he may have that the petition is not subject to dismissal without prejudice for failure to exhaust administrative remedies.

## Conclusion

IT IS THEREFORE ORDERED that:

1. Petitioner's application to proceed in forma pauperis **[ECF No. 1] is GRANTED**.

2. **Petitioner must file a written "Response to Order to Show Cause" by March 12, 2021,** showing cause why this habeas action should not be dismissed without prejudice based on a failure to exhaust administrative remedies. Any assertions of fact that Vidal makes in response to this show-cause order must be detailed, specific as to time and place, and supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, based upon personal knowledge, or supported by competent evidence filed in the federal record. Vidal must therefore attach copies of all materials upon which he relies, such as any decisions issued by the immigration court or Board of Immigration Appeals. Unsupported factual assertions will be disregarded.

3. The Clerk is directed to retain the petition but not file it at this time.

4. **Petitioner is advised that failure to respond to this order may result in the dismissal of the petition without prejudice and without further prior notice.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 10, 2021