# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Christian Kyle Vidal,

Petitioner

v.

U.S. Immigration and Customs Enforcement,

Respondent

Case No. 2:21-cv-00012-JAD-DJA

**Order Dismissing Habeas Action**

Christian Kyle Vidal filed this 28 U.S.C. § 2241 petition for a writ of habeas corpus, challenging his continued detention by U.S. Immigration and Customs Enforcement pending enforcement of his final removal order.[1] On February 10, 2021, I ordered him to show cause in writing why the petition should not be dismissed for failure to exhaust administrative remedies.[2] Because Vidal acknowledges in his response that he has not exhausted his remedies, I dismiss his petition without prejudice.

Noncitizens detained under either 8 U.S.C. § 1226(a) (which applies to noncitizens who are detained pending entry of a final order or while their petitions for review of their removal orders are pending) and § 1231(a)(6) (which applies to noncitizens such who are detained after entry of final removal order and conclusion of all administrative review) are generally required to exhaust substantive challenges to their removal proceedings as well as bond determinations.

---

[1] ECF No. 1-1.

[2] ECF No. 3.

Vidal explains that an Immigration Judge (IJ) entered an order of removal against him on March 12, 2020.[3]  It appears that he waived appeal, so the order became a final order of removal on that date.  Generally, the Attorney General is required to remove the noncitizen within 90 days, known as the "removal period."[4]  Vidal indicates that the IJ declined to release him on bond and informed him of his right to appeal that determination to the Board of Immigration Appeals (BIA).  It appears that he did not appeal because he was told that he would be deported within a month if he did not pursue an appeal.  However, respondent has detained him beyond the 90-day removal period and for more than one year after the entry of the final order of removal.  He is, therefore, currently detained under 8 U.S.C. §1231(a)(6), which provides that certain categories of aliens who have been ordered removed, including criminal aliens and any alien who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."  Now, instead of appealing his continued detention to the BIA, he has filed this § 2241 petition in federal district court.

An IJ loses jurisdiction to redetermine bond when an order of removal becomes administratively final.[5]  The Ninth Circuit has held that authorization for detention under 8 U.S.C. § 1226(c), INA § 236(c), ends when the Board of Immigration Appeals affirms the removal order.[6]  "Thereafter, the Attorney General's detention authority rests with [the general discretionary authority to detain under § 1226(a), INA § 236(a)] until the alien enters his

---

[3] ECF No. 4 at 1.

[4] 8 U.S.C. §1231(a)(1)(A).

[5] 8 C.F.R. § 1236.1(d).

[6] *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008).

'removal period,' which occurs only after we have rejected his final petition for review or his time to seek such review expires."[7]  The Ninth Circuit has further ruled that "the government may not detain a legal permanent resident . . . for a prolonged period without providing him a neutral forum in which to contest the necessity of his continued detention."[8]  DHS bears the burden of establishing that continued detention is warranted.[9]

In *Diouf v. Napolitano* (*Diouf II*), the Ninth Circuit held that prolonged detention under 8 U.S.C. § 1231(a)(6) is prohibited without an individualized hearing to determine whether the person is a flight risk or a danger to the community.[10]  Because prolonged detention without a hearing presents serious due-process concerns, and the statute did not plainly authorize such detention, the court construed § 1231(a)(6) to require a custody hearing before an immigration judge where detention has lasted six months.[11]  The government is required to show by clear and convincing evidence that detention is necessary to prevent flight and danger.[12]  In *Jennings v. Rodriguez*,[13] the U.S. Supreme Court underlined that, in contrast to the other general immigration detention statutes, § 1231(a)(6) may be construed to limit prolonged detention, as

---

[7] *Id*. at 948.

[8] *Id*. at 949 (establishing so-called *Casas* hearings).

[9] *See Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

[10] *Diouf v. Napolitano* (*Diouf II*), 634 F.3d 1081 (9th Cir. 2011).

[11] *Diouf II*, 634 F.3d at 1086.  The court further reasoned that "[t]he regulations do not afford adequate procedural safeguards because they do not provide for an in-person hearing, they place the burden on the alien rather than the government and they do not provide for a decision by a neutral arbiter such as an immigration judge."  *Id*. at 1091.

[12] *Flores Tejada v. Godfrey*, 954 F.3d 1245, 1249 (9th Cir. 2020).

[13] *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

the Ninth Circuit did in *Diouf II*.[14]  Thus, individuals subject to prolonged detention under §

1231(a)(6) in the Ninth Circuit should continue to receive custody hearings.

In *Rodriguez v. Robbins*, the Ninth Circuit stated that all noncitizens, even those subject

to mandatory detention, are allowed to request a bond hearing after they have been detained for

six months or more pending removal proceedings.[15]  If noncitizens who are held in custody

under 8 U.S.C. §§ 1226(a) or 1231(a)(6)—the provision at issue in this case—are dissatisfied

with the IJ's bond determination, they may file an administrative appeal so that "the necessity of

detention can be reviewed by . . . the [Board of Immigration Appeals] (BIA)."[16]  If they remain

dissatisfied, they may file a petition for habeas corpus in the district court.[17]

Vidal only states that he failed to exhaust his process because he cannot afford a lawyer

and because he viewed faster deportation as preferable to prolonged immigration detention.

While the court is not unsympathetic to these considerations, the fact remains that Vidal's

petition is unexhausted.  Moreover, Vidal now advises the court that he has in fact filed a motion

---

[14] *See Ramos v. Sessions* ("*Ramos II*"), 293 F. Supp. 3d 1021, 1026 (N.D. Cal. 2018) ("*Jennings* . . . left untouched the Ninth Circuit's requirement of such hearings for immigrants detained under section 1231(a)(6).").

[15] *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015).

[16] *Prieto–Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008); *see* 8 C.F.R. 236.1(d)(3) (before order of removal); 1236.1(d)(3) (after order of removal) (noncitizen may appeal to the BIA an IJ's custody and bond determination).

[17] *See, e.g.*, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (petitioner "pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision"); *Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (issue exhaustion is a jurisdictional requirement); *Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (declining to address a due process argument that was not raised below, which could have been addressed by the agency); *Singh v. Holder*, 638 F.3d 1196, 1200–03 (9th Cir. 2011); *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented in the petitioner's administrative proceedings before the BIA).

for a custody redetermination hearing with the immigration court in Las Vegas, thus he appears to be pursuing his administrative remedies.[18]  The outcome of that motion may render this petition moot.

IT IS THEREFORE ORDERED that the Clerk of Court is directed to DETACH AND FILE the petition (ECF No. 1-1) and CLOSE THIS CASE.

IT IS FURTHER ORDERED that **the petition is DISMISSED without prejudice as unexhausted.**

IT IS FURTHER ORDERED that a certificate of appealability is denied because jurists of reason would not disagree with this conclusion.

Dated: July 12, 2021

_____
U.S. District Judge Jennifer A. Dorsey

---

[18] ECF No. 4 at 9.